DANIEL HORVILLE v. LEVI L. NORTHRUP.

The maker of a negotiable promissory note is *prima facie* the principal debtor, and the payee and indorser the surety, to the holder thereof, in respect to the indebtedness evidenced by the note.

*Error from Allen District Court.*

NORTHRUP brought suit against Faulkner as maker and *Northrup* as indorser of the following note:

$1,339.45.            IOLA, KANSAS, JULY 22d, 1872.

Ninety days after date I promise to pay to the order of Daniel Horville thirteen hundred thirty-nine and 45-100 dollars, at the Banking-House of L. L. Northrup, Iola, Kansas, for value received, with interest at the rate of 12 per cent. per annum after maturity.    JAMES FAULKNER,
        *Executor of estate of Gabriel Dressback, deceased.*

This note was indorsed —"Daniel Horville"—and it was duly protested for nonpayment, and notice given, October 23d, 1873. Defendants answered separately. *Horville's* answer was a general denial, and second, "that when he indorsed the said note to the plaintiff he did so for the accommodation and as surety for defendant Faulkner, and that no consideration for such indorsement passed from defendant Faulkner or said plaintiff to him (Horville) therefor, and that there was no consideration whatever for said indorsement, and that said note was made, indorsed and delivered to plaintiff as one and the same transaction," etc., alleging plaintiff's knowledge of all the facts. Reply, general denial. Trial at November Term 1873. Verdict and judgment for plaintiff against both defendants for $1,602.19. *Horville* brings the case here on error. The record is voluminous. The necessary facts are stated in the opinion. No briefs on file.

*Thurston & Keplinger,* for plaintiff in error.

*J. B. F. Cates,* for defendant in error.

Horville v. Northrup.

The opinion of the court was delivered by

BREWER, J.: Defendant in error sued one James Faulkner and plaintiff in error upon a promissory note. Faulkner was the maker, and plaintiff in error the payee and indorser. The indorsement was in blank; and the error complained of is in the refusal of the court to permit the plaintiff in error to show by parol testimony that he was liable simply as surety, and not as indorser on the note. As the record comes before us we think no error is apparent. It was proved that demand and notice had been legally made and given, so that Horville's liability as indorser was fixed beyond dispute. Nor was there at any time any effort to question the fact of due demand and notice. But during the introduction of the evidence for the defendant, the counsel for plaintiff and Horville discussed before the court the question whether Horville could introduce parol testimony "to show that his liability on the note sued on was that of surety merely," and the court decided "that the rule of law which did not permit parol evidence to vary or contradict the terms of written instruments admitted of no exceptions except upon equitable grounds, as in case of fraud, accident, mistake, and the like, and that in this case defendant Horville, not having brought himself within any of these equitable exceptions could not introduce evidence to vary or contradict the terms of the contract sued on." It would be a sufficient disposition of this matter to say, that it appears by the record to have been a discussion upon no actual present question before the court, and a decision followed by no exception. But waiving these suggestions, and considering the ruling as properly before us, we think as the case stands it must be sustained. We confess to a little embarrassment in determining in what manner to construe the claim of counsel. It cannot of course be that he claims that Horville could show that he was as surety liable on the note without any proof of demand and notice, the ordinary steps to charge an indorser, for that would be a claim it were idle to make as the record states that due proofs

of these matters had already been made.  And besides, it would be a claim against Horville's interest, a waiver of any objection that could be made to the sufficiency of the proof already made upon these matters, as well as of any counter-testimony he might have thereon.  It would be a concession of one of the points otherwise necessary to be proved to establish his liability.  On the other hand, if the claim was simply that after the liability of Horville was fixed by proof of demand and notice, then he could show that as between himself and Faulkner the latter was the principal debtor, and himself only the surety, the law implied that to be the relation of the parties, and no testimony was necessary to change this implied relation.  While it may not be correct to say that the contract of indorsement is merely one of surety-ship, for "one who is technically a surety on promissory paper is generally an original promisor, and primarily liable, which an indorser never is," yet the relation of indebtedness of the maker and indorser of a note to the holder is *prima facie* that of principal and surety.  Whatever releases the maker discharges the indorser.  Any new contract with the maker upon valid consideration, which changes the nature and extent of his liability, releases the indorser.  In Byles on Bills, marginal page 190, it is said that "the acceptor is the principal debtor, and all the other parties are sureties for him, liable only on his default.  But though the other parties are in *respect to the acceptor* sureties only, they are not *as between themselves* merely co-sureties, but each prior party is a principal in respect of each subsequent party."  And again, on the succeeding page, "As the acceptor is at law in all cases the principal debtor on a bill, so the maker is at law the principal debtor on a note, though it be given by the maker to the payee without consideration, and the holder take it with notice of absence of consideration.  The indorsers of a note severally stand as principals or sureties in the same situation as the indorsers of a bill."  So that the relation which by implication of law from the note itself, Horville sustained to this indebtedness, was precisely that which he claimed the

29—14 KAS.

right to show to the court by parol testimony. The ruling of the court therefore, whether correct or not, was in his favor, and he has no grounds of complaint therefor in this court.

After this ruling of the court, Horville asked leave to amend his answer so as to allege that he signed his name on the back of the note under the impression that the note was payable to the order of the plaintiff, and not as was the fact to the order of himself. No showing was made upon this application, and we cannot see that the court abused its discretion in denying it. A good deal of testimony was admitted as to the circumstances attending the execution of this note, and as to its consideration. Upon that testimony, and independent of the instrument itself, it may be doubtful whether either party could properly be said to be the security of the other. This note was given in renewal of a prior note, and there appear to have been several renewals. The note first given was by Gabriel Dressback as maker, and Horville as security. The consideration of this was a loan from plaintiff to Dressback. The sole consideration for each succeeding note was the preceding. Intermediate the first and the last, Dressback died, and Faulkner was appointed his executor. Faulkner signed this note, describing himself as executor, and evidently supposing he was simply binding the estate, but really rendering himself personally liable. Was either Faulkner or Horville then in fact the surety of the other, or were they both simply co-sureties for an unnamed principal, the estate of Gabriel Dressback? We forbear pursuing this inquiry further, for Faulkner is interested in the question, and should properly be brought before the court before it is determined.

The judgment of the district court will be affirmed.

All the Justices concurring.